■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM TYRONE THOMAS, Appellant.—Judgment, Supreme Court, New York County (Robert Haft, J.), rendered May 8, 1986, convicting defendant, upon his plea of guilty, of robbery in the first degree and attempted robbery in the first degree and sentencing defendant to consecutive, indeterminate terms of imprisonment of 8⅓ to 25 years and 5 to 15 years, respectively, unanimously affirmed.

Order of the same court and Justice, dated January 10, 1990, denying defendant's CPL article 440 motion to vacate the judgment, unanimously affirmed.

In light of the information before the court at the time of sentencing, we find no merit to defendant's claim that the court abused its discretion in proceeding without ordering a competency hearing, *sua sponte,* under CPL 730.30 (1). Defendant's history of adolescent personality disorder did not in itself prove that he was incompetent to proceed.

Defendant draws the court's attention to his monosyllabic responses during the plea colloquy, but his short answers did not intimate that he did not understand what was going on at the time he pleaded guilty, and the sentencing on the pleas followed very shortly defendant's trial and sentence on murder in the second degree. By parity of reasoning defendant fails to establish that his trial counsel was ineffective. The record does not disclose that counsel or the court had doubts about defendant's competency to proceed because of the presentence report. Defendant's claim that counsel failed to read the presentence report rests on unsupported speculation.

We find no merit in defendant's claim that the plea colloquy was inadequate. A moving subway car can be considered a dangerous instrument *(People v Pagan,* 160 AD2d 284, *lv denied* 76 NY2d 793), and the circumstances surrounding the plea make plan that defendant was admitting his guilt to robbery in the first degree. *(Cf., People v Moore,* 71 NY2d 1002.)

The situation here is different from that presented in *Innes v Dalsheim* (864 F2d 974 [2d Cir 1988], *cert denied* — US —, 110 S Ct 50). Here, there was no application ever made to withdraw the guilty plea. In fact, defense counsel recognized that incarceration, rather than probation, was appropriate by urging a concurrent sentence.

We have considered defendant's remaining claims and find them to be without merit. Concur—Kupferman, J. P., Ross, Rosenberger, Asch and Wallach, JJ.