■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL JOHNSON, Appellant. [609 NYS2d 500] —Judgment unanimously affirmed. Memorandum: Defendant contends that his suppression motion should have been granted because the woman who answered the door to an apartment where he was

apprehended lacked the authority to invite the police officers inside. We reject that contention. After the police officers knocked on the downstairs door to that apartment, a woman called from upstairs, "Who is it?" They told her that they were police officers and she shouted, "The door is open. Come on up." When the police officers reached the top of the stairs, the woman opened the door and the police officers entered the apartment. When the police officers told her that they were looking for "Daniel", she said, "He's right here." The police officers then saw defendant, who identified himself as Daniel Johnson.

There was nothing improper in the police officers' entry of the apartment. The police officers had no duty to inquire into the woman's authority to consent to a search; they conducted no search, but merely asked defendant to go outside, where he was identified by the victim.

The later search by police officers of the apartment was proper because the woman consented and had apparent authority to do so. Not only was she present when the police officers originally entered the apartment but, before the search was made, she advised the police officers who conducted the search that she was a tenant of the apartment and executed a Consent to Search form.

"It is well settled that the police may lawfully conduct a warrantless search when they have obtained the voluntary consent of a party who possesses the requisite degree of authority and control over the premises or personal property in question" *(People v Cosme,* 48 NY2d 286, 290). "[W]here the searching officers rely in good faith on the apparent capability of an individual to consent to a search and the circumstances reasonably indicate that the individual does, in fact, have the authority to consent, evidence obtained as a result of such search shall not be suppressed" *(People v Adams,* 53 NY2d 1, 9, *cert denied* 454 US 854; *see also, Illinois v Rodriguez,* 497 US 177, 183-186). "[B]ased upon an objective view of the circumstances present[ed]", the police officers' belief that the woman had authority to consent to the search was reasonable *(People v Adams, supra,* at 9). (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Burglary, 1st Degree.) Present—Green, J. P., Pine, Callahan, Doerr and Boehm, JJ.