■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH R. WILSON, Appellant. (Appeal No. 2.) [726 NYS2d 323] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of bail jumping in the second degree (Penal Law § 215.56). The sole issue not encompassed by defendant's knowing, intelligent and voluntary waiver of the right to appeal is whether defendant was properly adjudicated a second felony offender, and we conclude that he was. The waiver by defendant of the right to appeal encompasses his challenge to the factual sufficiency of the plea allocution (*see, People v Morgan*, 275 AD2d 970, *lv denied* 96 NY2d 761; *People v Harris*, 233 AD2d 959, *lv denied* 89 NY2d 1094). Moreover, defendant did not move to withdraw his plea of guilty or to vacate the judgment of conviction and thus failed to preserve that challenge for our review (*see, People v Crooks*, 278 AD2d 931, *lv denied* 96 NY2d 782). The statements of defendant in this case did not cast significant doubt on the voluntariness of the plea, and his plea allocution therefore does not qualify for the rare case exception to the preservation doctrine (*see, People v Toxey*, 86 NY2d 725, 726,

*rearg denied* 86 NY2d 839). The valid waiver by defendant of the right to appeal also encompasses his contention concerning the severity of the sentence (*see, People v Hidalgo,* 91 NY2d 733, 737; *People v Crooks, supra,* at 931-932; *People v Morgan, supra*). In any event, the sentence, to which defendant agreed as part of the plea bargain, is not unduly harsh or severe (*see, People v Crooks, supra,* at 932; *People v Welsher,* 270 AD2d 839, *lv denied* 95 NY2d 806).

Defendant also contends that his plea of guilty was premised upon the prior judgment improperly convicting him of criminal possession of a controlled substance in the fourth degree. Contrary to the contention of defendant, he was properly convicted of that crime (*People v Wilson* [appeal No. 1], 284 AD2d 958 [decided herewith]). In any event, the record does not support the contention of defendant that his plea of guilty to the bail jumping charge was induced by a promise that the sentence would run concurrently with the sentence imposed for the underlying felony conviction (*cf., People v Taylor,* 80 NY2d 1, 15; *People v Fuggazzatto,* 62 NY2d 862, 863). The record further establishes that County Court properly advised defendant that pursuant to Penal Law § 70.25 (2-c) the sentence on the bail jumping conviction must run consecutive to the indeterminate sentence imposed on the underlying felony conviction. (Appeal from Judgment of Cattaraugus County Court, Himelein, J.—Bail Jumping, 2nd Degree.) Present—Pigott, Jr., P. J., Pine, Wisner, Kehoe and Burns, JJ.