■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG SINGLETARY, Appellant. [762 NYS2d 862] —Appeal from a judgment of Onondaga County Court (Fahey, J.), entered July 5, 2002, convicting defendant upon his plea of guilty of attempted murder in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [vii]). Defendant shot the victim in the head during the course of a robbery, and he pleaded guilty in satisfaction of a six-count indictment also charging him with robbery in the first degree and attempted robbery in the first degree. Contrary to the contention of defendant, his waiver of the right to appeal entered as part of the plea agreement was voluntary, knowing and intelligent (see People v Callahan, 80 NY2d 273, 283 [1992]; People v Coleman [appeal No. 1], 219 AD2d 827 [1995]). That waiver encompasses defendant's present contentions concerning the factual sufficiency of the plea allocution (see e.g. People v Dewitt, 295 AD2d 937 [2002], lv denied 98 NY2d 709, 767 [2002]; People v Wilson, 284 AD2d 959 [2001], lv denied 96 NY2d 943 [2001]) and County Court's suppression rulings (see People v Kemp, 94 NY2d 831, 833 [1999]). In any event, we conclude that the court did not abuse its discretion in denying the motion of defendant to withdraw his plea of guilty based on the alleged factual insufficiency of the plea allocution. There is no requirement that defendant personally recite the facts underlying the crime to which he is pleading guilty (see People v Kinch, 237 AD2d 830, 831 [1997], lv denied 90 NY2d 860 [1997]) and here, as in People v Fiumefreddo (82 NY2d 536, 547 [1993]), "there can be no question that the court had an ample factual basis for accepting defendant's plea * * *." Present—Pigott, Jr., P.J., Green, Gorski, Lawton and Hayes, JJ.