FOURTH DEPARTMENT, NOVEMBER, 2005

(November 10, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN EMM, Appellant. [804 NYS2d 880]—

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered November 5, 2003. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree (four counts) and petit larceny (four counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of four counts each of burglary in the second degree (Penal Law § 140.25 [2]) and petit larceny (§ 155.25). Defendant's challenge to the factual sufficiency of the plea allocution is unpreserved for our review (see People v Lopez, 71 NY2d 662, 665 [1988]; People v Loomis, 17 AD3d 1019 [2005]; People v Webb, 286 AD2d 899, 899-900 [2001], lv denied 97 NY2d 659 [2001]) and is without merit in any event. Contrary to the contention of defendant, his terse answers to questioning by County Court do not indicate that he lacked an understanding of the nature and consequences of his plea (see People v Thomas, 169 AD2d 515, 516 [1991], lv denied 78 NY2d 975 [1991]). The record establishes that defendant admitted the essential elements of the eight counts of the indictment and thus his factual allocution is legally sufficient (see Loomis, 17 AD3d at 1019-1020).

Contrary to defendant's further contention, the People met their initial burden of establishing the reasonableness of the police conduct in the pretrial identification procedures, and defendant failed to meet his ultimate burden of proving that the procedures were unduly suggestive (see People v Bell, 19 AD3d 1074, 1075 [2005], citing People v Jackson, 98 NY2d 555, 559 [2002]; see also People v Levy, 281 AD2d 984 [2001], lv denied 96 NY2d 831 [2001]). The court thus properly refused to suppress the in-court identification testimony of the burglary victims. All of the subjects in the photo arrays that were separately displayed to the four burglary victims are "sufficiently similar in appearance so that the viewer's attention is not drawn to any one photograph in such a way as to indicate that the police were urging a particular selection" (People v

*Quinones*, 5 AD3d 1093, 1093 [2004], *lv denied* 3 NY3d 646 [2004]; *see People v Rodriguez*, 17 AD3d 1127, 1128-1129 [2005], *lv denied* 5 NY3d 768 [2005]). Defendant's remaining contentions with respect to the identification testimony concern the weight to be accorded to that testimony rather than its admissibility, and thus the contentions provide no basis for reversal (*see People v Marsh*, 248 AD2d 743, 745 [1998], *lv denied* 92 NY2d 856 [1998]; *People v Buchanon*, 186 AD2d 864, 866 [1992], *lv denied* 81 NY2d 785 [1993]). Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Pine, JJ.