THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE R. BROWN, Appellant. [902 NYS2d 276]—

Appeal from a judgment of the Cayuga County Court (Elma A. Bellini, J.), rendered September 22, 2008. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree (two counts) and promoting prostitution in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by directing that the sentence imposed for burglary in the second degree under count two of the indictment shall run concurrently with the sentence imposed for burglary in the second degree under count three of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting

him following a jury trial of two counts of burglary in the second degree (Penal Law § 140.25 [2]) and one count of promoting prostitution in the fourth degree (§ 230.20), arising from his burglary of two homes and his having offered the services of prostitutes to the resident of one of those homes. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we reject defendant's contention that the evidence is legally insufficient to support the conviction. With respect to the first burglary, the victim testified that defendant came inside his house "immediately" after he opened the door, that he could not prevent defendant from doing so, and that defendant dragged him back inside after he attempted to leave. Thus, there is a valid line of reasoning and permissible inferences based on the evidence at trial that could lead a rational person to find that defendant "enter[ed] or remain[ed] unlawfully" on the premises (Penal Law § 140.25; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). With respect to the second burglary, the evidence, i.e., the testimony of the victim and defendant's two accomplices, is legally sufficient to support the jury's finding that defendant had burglarized the home. Finally, with respect to the conviction of promoting prostitution, the testimony that defendant offered the services of prostitutes is legally sufficient to establish that defendant "advance[d] . . . prostitution" (Penal Law § 230.20), inasmuch as the evidence established that he "solicit[ed] patrons for prostitution" (§ 230.15 [1]). Whether an act of prostitution actually took place is of no moment (*see People v Simone-Taylor*, 148 AD2d 933 [1989], *lv denied* 74 NY2d 669 [1989]).

We reject the further contention of defendant that County Court erred in its *Molineux* ruling. The testimony in question concerned prior instances in which defendant had engaged in promotion of prostitution and thus was relevant on the issues of common scheme or plan, intent and identity, and we conclude that the probative value of the testimony exceeded its potential for prejudice (*see People v Molyneaux*, 49 AD3d 1220, 1221 [2008], *lv denied* 10 NY3d 937 [2008]; *see generally People v Alvino*, 71 NY2d 233, 242-243 [1987]). Contrary to defendant's contention, the decision of the Court of Appeals in *Alvino* does not support the proposition that the jury should have been charged that it should consider such testimony only if it found that other evidence offered by the People with respect to the prostitution count was insufficient. Indeed, we note that the court's *Molineux* charge was taken from the pattern Criminal Jury Instructions. Also contrary to defendant's contention, no *Huntley* hearing was required with respect to the letter sent by

defendant to a police detective inasmuch as it is undisputed that defendant wrote the letter voluntarily, with no involvement of law enforcement officials (*see generally People v Pike*, 254 AD2d 727, 727-728 [1998]).

Inasmuch as defendant made only "conclusory allegations that his prior conviction was unconstitutionally obtained . . . [and did not] support his allegations with facts," he was not entitled to a hearing on the constitutionality of his prior conviction before the court sentenced him as a second felony offender (*People v Konstantinides*, 14 NY3d 1, 15 [2009]). We conclude, however, that the imposition of consecutive terms of imprisonment on the burglary convictions renders the sentence unduly harsh (*see* CPL 470.15 [6] [b]). We therefore modify the judgment as a matter of discretion in the interest of justice by directing that the sentence imposed for burglary in the second degree under count two of the indictment shall run concurrently with the sentence imposed for burglary in the second degree under count three of the indictment (*see* CPL 470.15 [6] [b]). We have considered defendant's remaining contentions and conclude that they are without merit. Present—Centra, J.P., Peradotto, Lindley, Sconiers and Gorski, JJ.