# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

555
**KA 15-00638**
PRESENT: SMITH, J.P., CARNI, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MICHAEL NEWSOME, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

ROBERT TUCKER, PALMYRA, FOR DEFENDANT-APPELLANT.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (BRUCE A. ROSEKRANS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wayne County Court (Daniel G. Barrett, J.), rendered January 8, 2015. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree (two counts), assault in the second degree and criminal obstruction of breathing or blood circulation.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, two counts of assault in the first degree (Penal Law § 120.10 [1], [2]). In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of two counts of criminal contempt in the first degree (§ 215.51 [b] [ii], [iv]).

We reject defendant's contention in each appeal that County Court erred in denying his motion to withdraw his guilty plea without a hearing. "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry 'rest[s] largely in the discretion of the Judge to whom the motion is made' and a hearing will be granted only in rare circumstances" (*People v Brown*, 14 NY3d 113, 116, quoting *People v Tinsley*, 35 NY2d 926, 927; *see People v Manor*, ___ NY3d ___, ___ [May 3, 2016]; *People v Green*, 122 AD3d 1342, 1343). Here, the record establishes that, with respect to both appeals, "[d]efendant admitted each element of the offense[s] during his plea allocution and did not claim either that he was innocent or that he had been coerced" (*People v Sparcino*, 78 AD3d 1508, 1509, *lv denied* 16 NY3d 746). Defendant's postplea protestations of innocence, misunderstanding, and "pressure" presented credibility issues that the court could properly resolve without a hearing (*see People v Dixon*, 29 NY2d 55, 56; *Sparcino*, 78 AD3d at 1509; *see also People v Dickerson*,

66 AD3d 1371, 1372, *lv denied* 13 NY3d 859).

We likewise reject defendant's contention in each appeal that the court erred in sentencing him as a second felony offender without first conducting a hearing. In order to obtain a hearing regarding a predicate felony conviction, "a defendant must do more than make conclusory allegations . . . He must support his allegations with facts" (*People v Konstantinides*, 14 NY3d 1, 15; *see People v Brown*, 74 AD3d 1748, 1750, *lv denied* 15 NY3d 802). Defendant's unsubstantiated assertion regarding the alleged "incorrectness" of the sentencing date for his predicate felony conviction is not an allegation supported by facts sufficient to entitle him to a hearing (*see Brown*, 74 AD3d at 1750).

Defendant's contention in each appeal that his guilty plea was not sufficiently allocuted is without merit. "There is no requirement that defendant personally recite the facts underlying the crime[s] to which he pleaded guilty" (*People v Singletary*, 307 AD2d 779, 779, *lv denied* 100 NY2d 599; *see People v Brown*, 305 AD2d 1068, 1069, *lv denied* 100 NY2d 579; *see also People v Seeber*, 4 NY3d 780, 781). Here, "[t]he record establishes that defendant admitted the essential elements of the . . . count[s] of the indictment[s] [to which he pleaded guilty,] and thus his factual allocution [in each appeal] is legally sufficient" (*People v Dorrah*, 50 AD3d 1619, 1619, *lv denied* 11 NY3d 736 [internal quotation marks omitted]; *see People v Emm*, 23 AD3d 983, 984, *lv denied* 6 NY3d 775).

Finally, we reject defendant's contention in each appeal that the sentence is unduly harsh and severe.

Entered: June 10, 2016          Frances E. Cafarell
Clerk of the Court