■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYON L. WONG, Appellant. [57 NYS3d 820]—

Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered January 5, 2011. The judgment convicted defendant, upon his plea of guilty, of insurance fraud in the fourth degree and criminal possession of a forged instrument in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of insurance fraud in the fourth degree (Penal Law § 176.15) and criminal possession of a forged instrument in the second degree (§ 170.25). Defendant moved to withdraw his plea on the ground that he was denied effec-

tive assistance of counsel, and he contends that County Court erred in denying his motion. As a preliminary matter, we note that defendant's contention survives his valid waiver of the right to appeal " 'only insofar as he contends that his plea was infected by the allegedly ineffective assistance and that he entered the plea because of his attorney's allegedly poor performance' " (*People v Strickland*, 103 AD3d 1178, 1178 [2013]; *see People v Montgomery*, 63 AD3d 1635, 1635-1636 [2009], *lv denied* 13 NY3d 798 [2009]). We conclude that the court properly denied the motion.

"The decision to permit a defendant to withdraw a guilty plea rests in the sound discretion of the court" (*People v Smith*, 122 AD3d 1300, 1301-1302 [2014], *lv denied* 25 NY3d 1172 [2015] [internal quotation marks omitted]; *see People v Frederick*, 45 NY2d 520, 524-525 [1978]), and "a guilty plea will be upheld as valid if it was entered voluntarily, knowingly and intelligently" (*People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *see People v Moissett*, 76 NY2d 909, 910-911 [1990]). Here, defendant's claim that he pleaded guilty because of ineffective assistance of counsel is not supported by the record, which reveals that defendant communicated adequately with defense counsel, that he received a favorable plea bargain, and that the court properly determined that the plea was knowing and voluntary after holding a hearing on defendant's motion (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). We likewise reject defendant's claim that he was denied effective assistance of counsel based on defense counsel's alleged failure to advise him of the immigration consequences of the guilty plea. The record reveals that both the court and defense counsel advised defendant of potential immigration consequences of his plea, including the risk of deportation, as required by *Padilla v Kentucky* (559 US 356, 374 [2010]; *see People v Lawrence*, 148 AD3d 1472, 1474 [2017]; *People v Dealmeida*, 124 AD3d 1405, 1406 [2015]). We thus conclude that the guilty plea was knowingly, voluntarily, and intelligently entered (*see Fiumefreddo*, 82 NY2d at 543), and that the court providently exercised its discretion in denying the motion. Present—Whalen, P.J., Smith, Carni, Curran and Scudder, JJ.