People v Steele (2018 NY Slip Op 08803)





People v Steele


2018 NY Slip Op 08803


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


1171 KA 12-01874

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAKUANN B. STEELE, DEFENDANT-APPELLANT. 






DIANNE C. RUSSELL, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered July 11, 2012. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law
§ 140.25 [2]). Defendant failed to preserve for our review his challenge to the factual sufficiency of the plea allocution inasmuch as he failed to move to withdraw the plea or to vacate the judgment of conviction on that ground (see People v Oswold, 151 AD3d 1756, 1756 [4th Dept 2017], lv denied 29 NY3d 1131 [2017]). We conclude that this case does not fall within the "narrow exception" to the preservation rule (People v Lopez, 71 NY2d 662, 666 [1988]). Defendant's plea allocution neither negated an essential element of the offense nor otherwise cast doubt on the voluntariness of the plea (see People v Gibson, 140 AD3d 1786, 1787 [4th Dept 2016], lv denied 28 NY3d 1072 [2016]; People v Brown, 115 AD3d 1204, 1205-1206 [4th Dept 2014], lv denied 23 NY3d 1060 [2014]). In any event, the factual sufficiency contention lacks merit.
To the extent that it is preserved for our review, we reject defendant's contention that County Court erred in denying his oral request at sentencing to withdraw his guilty plea based on his claims of innocence. Although defendant claimed innocence in his statement in the presentence report and at sentencing, defendant "admitted each element of the offense during his plea allocution and did not claim either that he was innocent or that he had been coerced by defense counsel at that time. The court was presented with a credibility determination when defendant moved to withdraw his plea and advanced his belated claims of innocence and coercion, and it did not abuse its discretion in discrediting those claims" (People v Sparcino, 78 AD3d 1508, 1509 [4th Dept 2010], lv denied 16 NY3d 746 [2011]; see People v Newsome, 140 AD3d 1695, 1695-1696 [4th Dept 2016], lv denied 28 NY3d 973 [2016]). Indeed, aside from his plea allocution, defendant provided at least three inconsistent statements regarding his conduct at the time of the alleged crime. Defendant voluntarily signed a statement shortly after he was taken into custody in which he admitted to using the clip end of a pellet pistol to intentionally break the window of the home that he was later charged with burglarizing because he wanted to "get back at" the homeowner. At a suppression hearing, defendant testified that he did not break the window at all, but that it was broken by defendant's friend, although defendant could not recall the friend's name or address. In the presentence report, defendant claimed that he was "horsing around" when the pellet pistol's clip was accidentally thrown through the window. Under these circumstances, the court did not abuse its discretion in denying defendant's request to withdraw his plea, particularly where defendant's "assertions at sentencing that he was innocent, under duress, and coerced into taking the plea were belied by the statements he made during the plea colloquy" (People v Dames, 122 AD3d 1336, 1336 [4th Dept 2014], lv denied 25 [*2]NY3d 1162 [2015]; see generally People v Barrett, 153 AD3d 1600, 1601 [4th Dept 2017], lv denied 30 NY3d 1058 [2017]). Further, we reject defendant's contention that he did not admit the element of entry during the factual allocution. Defense counsel explicitly stated during the allocution that defendant was not contesting entry, defendant did not object to this statement by counsel, and defendant himself then admitted that "when [he] entered into that building, it was [his] intention to commit a crime therein."
We also reject defendant's contention that his statements made at sentencing regarding defense counsel required the court to conduct an inquiry into defendant's issues with his counsel. Defendant's general remarks at sentencing were not "specific factual allegations of serious complaints about counsel,' " and thus were insufficient to require the court to conduct further inquiry (People v Porto, 16 NY3d 93, 100 [2010]; see People v Chess, 162 AD3d 1577, 1579 [4th Dept 2018]; People v Jones, 149 AD3d 1576, 1577 [4th Dept 2017], lv denied 29 NY3d 1129 [2017]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court