People v Gomez (2020 NY Slip Op 03084)





People v Gomez


2020 NY Slip Op 03084


Decided on May 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2020

Renwick, J.P., Richter, Manzanet-Daniels, Singh, Moulton, JJ.


11579 704/15

[*1]The People of the State of New York, Respondent,
v
Christopher Gomez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Megan D. Byrne of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Victoria Muth of counsel), for respondent.



Judgment, Supreme Court, New York County (Melissa C. Jackson, J.), rendered November 9, 2017, convicting defendant, after a jury trial, of promoting prostitution in the third degree, and sentencing him, as a second violent felony offender with a prior violent felony conviction, to a term of 3½ to 7 years, unanimously affirmed.
The verdict was supported by legally sufficient evidence (see People v Gordon, 23 NY3d 643, 649 [2014]). The evidence amply supports the conclusion that defendant advanced or profited from prostitution by either managing or supervising a business or enterprise that involved prostitution activity by at least two people (see Penal Law § 230.25[1]; People v Freaney, 108 AD2d 228, 231 [2d Dept 1985]). Defendant's argument that the evidence only established his management of the particular person who testified is unpersuasive. The testimony, as well as electronic evidence retrieved from defendant's phones, established that he managed or supervised a prostitution business by soliciting clients, setting and communicating rates, providing transportation, arranging for hotel rooms, preparing advertisements, and addressing nonpayment. Defendant's own communications also reflect that multiple people were engaged in prostitution as part of the business or enterprise he was managing, including during the period covered by the indictment.
The court properly admitted evidence of defendant's communications during the approximately two weeks preceding the period covered in the indictment. These communications were relevant to the charged crime, and they established the existence of a prostitution business which defendant continued to manage or supervise into the period covered by the indictment (see People v Frumusa, 29 NY3d 364, 369-70 [2017]). In any event, even if viewed as uncharged crime evidence, the prior communications were also highly probative to show a common scheme or plan (see People v Molineux, 168 NY 264, 293, 305 [1901]; see also People v Brown, 74 AD3d 1748, 1749 [4th Dept 2010], lv denied 15 NY3d 802 [2010]; People v Grant, 104 AD2d 674, 675 [3d Dept 1984]), and their probative value outweighed any prejudicial effect. Defendant's claim that the sentencing court considered crimes of which defendant was acquitted requires preservation (see People v Harrison, 82 NY2d 693 [1993]), and we decline to review this unpreserved claim in the interest of justice. As an alternative holding, we find that the record does not support defendant's assertion. Although the [*2]court expressed its belief that the evidence also supported a conviction of other charges, it indicated that it was only sentencing defendant based on the charge of which he was convicted. We perceive no other basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2020
CLERK