People v Sykes (2021 NY Slip Op 00530)





People v Sykes


2021 NY Slip Op 00530


Decided on February 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 02, 2021

Before: Renwick, J.P., Webber, González, Scarpulla, JJ. 


Ind No. 4814/14 4814/14 Appeal No. 13002 Case No. 2017-1477 

[*1]The People of the State of New York, Respondent,
v
Lorenzo Sykes, Defendant-Appellant.


Caprice R. Jenerson, Office of The Appellate Defender, New York (Emma L. Shreefter of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Dana Poole of counsel), for respondent.



Judgment, Supreme Court, New York County (Anthony J. Ferrara, J.), rendered April 13, 2016, convicting defendant, after a nonjury trial, of promoting prostitution in the third degree and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 2 to 6 years, unanimously affirmed.
The court properly denied defendant's suppression motion. Exigent circumstances justified the warrantless entry into defendant's home (see generally People v McBride, 14 NY3d 440, 446 [2010], cert denied 562 US 931 [2010]). The victim's statements to the police, while pointing to defendant's nearby house, provided "probable cause to arrest him" for the "violent crime[s]" of raping her and holding her against her will for days, and gave police "strong reason to believe that defendant was inside his" home (id.; see e.g. People v Green, 104 AD3d 126, 131-32 [1st Dept 2013]). Defendant was also "reasonably believed to be armed" (McBride, 14 NY3d at 446), because the victim told the police that defendant kept a handgun under his pillow (see e.g. People v Funches, 89 NY2d 1005, 1007 [1997]). Under the particular circumstances of this case, it is not dispositive whether defendant posed a flight risk (see People v Hallman, 237 AD2d 17, 22-23 [1st Dept 1997], affd 92 NY2d 840 [1998]).
The trial court providently exercised its discretion in admitting prostitution advertisements bearing telephone and email addresses associated with defendant and the codefendants, posted during the months preceding the time period set forth in the indictment. These ads were not evidence of uncharged crimes, but instead were relevant to prove elements of the charged crime of third-degree promoting prostitution, because they "established the existence of a prostitution business" that defendant "continued to manage or supervise into the period covered by the indictment" (People v Gomez, 183 AD3d 544, 545 [1st Dept 2020], lv denied 35 NY3d 1045 [2020]). Alternatively, "even if viewed as uncharged crime evidence," the ads "were also highly probative to show a common scheme or plan, and their probative value outweighed any prejudicial effect" (id. [internal citations omitted]), particularly in this nonjury trial.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not fully explained by the record (see People v Maffei, 35 NY3d 264, 269-70 [2020]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2021