People v Wilson (2021 NY Slip Op 04867)





People v Wilson


2021 NY Slip Op 04867


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND DEJOSEPH, JJ.


607 KA 19-00168

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EARL J. WILSON, DEFENDANT-APPELLANT. 






CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.
EARL J. WILSON, DEFENDANT-APPELLANT PRO SE.
MARK S. SINKIEWICZ, DISTRICT ATTORNEY, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Seneca County Court (Richard M. Healy, A.J.), rendered November 19, 2018. The judgment convicted defendant upon a plea of guilty of driving while intoxicated, aggravated driving while intoxicated, driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs, aggravated vehicular homicide (seven counts), vehicular manslaughter in the first degree (seven counts), manslaughter in the second degree (two counts), aggravated unlicensed operation of a motor vehicle in the first degree, operating a motor vehicle without an ignition interlock device, reckless driving, unlicensed operation of a motor vehicle, failure to keep right, and failure to use designated lane. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant was previously convicted following a plea of guilty of one count of aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a] [a]), and two counts each of aggravated vehicular homicide (Penal Law § 125.14 [1]) and manslaughter in the second degree (§ 125.15 [1]). On appeal from that judgment, we agreed with defendant that County Court (Bender, J.) erred in summarily denying his motion to withdraw his plea (see People v Wilson, 159 AD3d 1600, 1600 [4th Dept 2018]). We remitted the matter for a hearing on whether and to what extent defendant's decision to plead guilty was affected by the People's failure to disclose the autopsy and toxicology reports of one of the victims in violation of their Brady obligation (id. at 1602). On remittal, the court granted defendant's motion to vacate the plea, and the parties stipulated to dismissal of defendant's remaining contentions on the prior appeal (People v Wilson, 162 AD3d 1762 [4th Dept 2018]). Defendant thereafter again pleaded guilty to the same counts, as well as the remaining 20 counts in the indictment. The court (Healy, A.J.) sentenced defendant as a persistent felony offender to 20 years to life imprisonment. Defendant appeals.
Defendant failed to preserve for our review the contention in his main and pro se supplemental briefs that the factual allocution was legally insufficient inasmuch as defendant did not move to withdraw his plea or to vacate the judgment of conviction on that ground (see People v Gibbs, 31 AD3d 1186, 1186 [4th Dept 2006], lv denied 7 NY3d 867 [2006]; People v Loomis, 17 AD3d 1019, 1019 [4th Dept 2005], lv denied 5 NY3d 830 [2005]). In any event, that contention is belied by the transcript of the plea colloquy (see Loomis, 17 AD3d at 1020). Although defendant did preserve for our review the contention in his main and pro se supplemental briefs that the court deviated from its sentencing promise, that contention is without merit inasmuch as the transcript of the plea colloquy reflects that defendant understood he was entering an unconditional plea of guilty to the entire indictment (see generally People v Carr, 147 AD3d 1506, 1507 [4th Dept 2017], lv denied 29 NY3d 1030 [2017]).
By pleading guilty, defendant forfeited his further contention in his main and pro se [*2]supplemental briefs that the indictment should be dismissed because the prosecutor failed to introduce exculpatory evidence, including the above referenced autopsy and toxicology reports, before the grand jury (see People v Rigby, 105 AD3d 1383, 1384 [4th Dept 2013], lv denied 21 NY3d 1019 [2013]; see generally People v Keizer, 100 NY2d 114, 122 [2003]). Contrary to defendant's assertion in his main and pro se supplemental briefs, our decision on defendant's prior appeal (Wilson, 159 AD3d at 1601) and the record of the current proceedings both reflect that defendant was aware of the contents of those reports prior to his decision to plead guilty.
We cannot review defendant's contention in his main and pro se supplemental briefs regarding alleged investigative misconduct because it is based on matters outside the record on appeal (see People v Griner, 178 AD3d 1436, 1437 [4th Dept 2019], lv denied 35 NY3d 941 [2020]). Defendant further failed to preserve his contention in his main and pro se supplemental briefs that the sentence imposed upon defendant's guilty plea was "presumptively vindictive and imposed without State Due Process protections" (People v Olds, 36 NY3d 1091, 1092 [2021]), and we decline to exercise our power to review that argument as a matter of discretion in the interest of justice. Finally, the sentence is not unduly harsh or severe.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court