People v Ciskiewic (2023 NY Slip Op 04869)

People v Ciskiewic

2023 NY Slip Op 04869

Decided on September 29, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

659 KA 21-00382

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL CISKIEWIC, DEFENDANT-APPELLANT. 

KATHLEEN E. CASEY, BARKER, FOR DEFENDANT-APPELLANT.
BRIAN D. SEAMAN, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered March 8, 2021. The judgment convicted defendant, upon his plea of guilty, of predatory sexual assault. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of predatory sexual assault (Penal Law § 130.95 [1] [a]). We reject defendant's contention that County Court abused its discretion in denying his motion to withdraw his guilty plea without a hearing. "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry 'rest[ ] largely in the discretion of the Judge to whom the motion is made' and a hearing will be granted only in rare instances" (People v Brown, 14 NY3d 113, 116 [2010], quoting People v Tinsley, 35 NY2d 926, 927 [1974]; see People v Manor, 27 NY3d 1012, 1013-1014 [2016]). Contrary to defendant's contention, his "postplea protestations of . . . misunderstanding . . . and 'pressure' presented credibility issues that the court could properly resolve without a hearing" (People v Newsome, 140 AD3d 1695, 1695-1696 [4th Dept 2016], lv denied 28 NY3d 973 [2016]; see People v Dixon, 29 NY2d 55, 56 [1971]; People v Sparcino, 78 AD3d 1508, 1509 [4th Dept 2010], lv denied 16 NY3d 746 [2011]).
Defendant further contends that his guilty plea was not sufficiently allocuted. Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and therefore does not preclude our review of his challenge (see generally People v Barnes, 206 AD3d 1713, 1715 [4th Dept 2022], lv denied 38 NY3d 1132 [2022]), we conclude that it is without merit. "There is no requirement that defendant personally recite the facts underlying the crime to which he is pleading guilty" (People v Singletary, 307 AD2d 779, 779 [4th Dept 2003], lv denied 100 NY2d 599 [2003]; see People v Brown, 305 AD2d 1068, 1069 [4th Dept 2003], lv denied 100 NY2d 579 [2003]; see also People v Seeber, 4 NY3d 780, 781 [2005]). Here, "[t]he record establishes that defendant admitted the essential elements of the . . . count[ ] of the indictment [to which he pleaded guilty,] and thus his factual allocution is legally sufficient" (People v Dorrah, 50 AD3d 1619, 1619 [4th Dept 2008], lv denied 11 NY3d 736 [2008] [internal quotation marks omitted]; see People v Emm, 23 AD3d 983, 984 [4th Dept 2005], lv denied 6 NY3d 775 [2006]).
Entered: September 29, 2023
Ann Dillon Flynn
Clerk of the Court