People v O'Neal

2026 NY Slip Op 02526

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

v

CHRISTOPHER O'NEAL, JR., DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

158 KA 24-01473

Present: Bannister, J.P., Montour, Greenwood, Nowak, And Hannah, JJ.

RYAN JAMES MULDOON, AUBURN, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MERIDETH H. SMITH OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered April 29, 2024. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

[*1]

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his guilty plea, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Contrary to defendant's contention, he validly waived his right to appeal (see People v Moody, 240 AD3d 1323, 1324 [4th Dept 2025], lv denied 44 NY3d 1012 [2025]; People v Williams, 237 AD3d 1581, 1582 [4th Dept 2025], lv denied 44 NY3d 985 [2025]; see generally People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied 589 US 1302 [2020]). While defendant is correct that Supreme Court failed to ascertain defendant's understanding of the contents of the written waiver of the right to appeal on the record, that "deficiency . . . is of no moment where, as here, the oral waiver was adequate" (People v Brinson, 240 AD3d 1376, 1377 [4th Dept 2025], lv denied 44 NY3d 1064 [2025]). Defendant's valid waiver of the right to appeal encompasses his challenge to the severity of the sentence (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Hidalgo, 91 NY2d 733, 737 [1998]).

Defendant further contends that the court abused its discretion in denying his motion to withdraw his guilty plea on the ground of ineffective assistance of counsel without holding a hearing. We reject that contention. As an initial matter, we note that defendant's contention survives his valid waiver of the right to appeal " 'only insofar as he contends that his plea was infected by the allegedly ineffective assistance and that he entered the plea because of his attorney's allegedly poor performance' " (People v Strickland, 103 AD3d 1178, 1178 [4th Dept 2013]; see People v Wong, 151 AD3d 1853, 1854 [4th Dept 2017], lv denied 30 NY3d 954 [2017]). "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rest[ ] largely in the discretion of the Judge to whom the motion is made and a hearing will be granted only in rare instances" (People v Brown, 14 NY3d 113, 116 [2010] [internal quotation marks omitted]; see People v Ciskiewic, 219 AD3d 1696, 1696 [4th Dept 2023], lv denied 40 NY3d 1091 [2024]). Here, "nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Raghnal, 185 AD3d 1411, 1413 [4th Dept 2020], lv denied 35 NY3d 1115 [2020] [internal quotation marks omitted]), "[d]efendant admitted each element of the offense[ ] during his plea allocution and did not claim either that he was innocent or that he had been coerced[,] . . . [and defendant's claims] presented credibility issues that the court could properly resolve without a hearing" (People v Newsome, 140 AD3d 1695, 1696 [4th Dept 2016] [internal quotation marks omitted]).

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court