■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT T. DORRAH, Appellant. [856 NYS2d 406]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered January 13, 2006. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Defendant failed to move to withdraw his plea or to vacate the judgment of conviction and thus failed to preserve for our review his challenge to the factual sufficiency of the plea allocution (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v McKay*, 5 AD3d 1040 [2004], *lv denied* 2 NY3d 803 [2004]). In any event, that challenge is without merit. "Contrary to the contention of defendant, his terse answers to questioning by [Supreme] Court do not indicate that he lacked an understanding of the nature and consequences of his plea . . . The record establishes that defendant admitted the essential elements of the . . . count[ ] of the indictment [to which he pleaded guilty] and thus his factual allocution is legally sufficient" (*People v Emm*, 23 AD3d 983, 984 [2005], *lv denied* 6 NY3d 775 [2006]).

Defendant also failed to preserve for our review his contention that he was illegally sentenced based on the People's failure to file a second felony offender statement pursuant to CPL 400.21 (2) (*see People v Pellegrino*, 60 NY2d 636, 637 [1983]; *People v Simpson*, 35 AD3d 1182, 1183 [2006], *lv denied* 8 NY3d 990 [2007]; *People v Beu*, 24 AD3d 1257 [2005], *lv denied* 6 NY3d 809 [2006]). In any event, that contention lacks merit inasmuch as the court substantially complied with the statute (*see Beu*, 24 AD3d 1257 [2005]; *People v Nevins*, 16 AD3d 1046, 1048 [2005], *lv denied* 4 NY3d 889 [2005], *cert denied* 548 US 911 [2006]; *see also People v Bonilla*, 298 AD2d 871 [2002], *lv denied* 99 NY2d 555, 100 NY2d 536 [2002]), and defendant stipulated that he would be sentenced as a second felony offender (*see People v Harris*, 61 NY2d 9, 20 [1983]). Present—Scudder, P.J., Martoche, Smith, Lunn and Peradotto, JJ.