■ The People of the State of New York, Respondent, v Valfonso Dewitt, Appellant. [861 NYS2d 870]—Appeal from an

order of the Cayuga County Court (Peter E. Corning, J.), entered July 25, 2006 pursuant to the 2005 Drug Law Reform Act and CPL 440.20. The order denied defendant's application to be resentenced upon defendant's 2000 conviction of criminal possession of a controlled substance in the second degree and defendant's motion to set aside the sentence pursuant to CPL 440.20.

It is hereby ordered that said appeal from the order insofar as it denied the motion to set aside the sentence is unanimously dismissed and the order is affirmed.

Memorandum: Defendant appeals from an order denying his pro se application for resentencing upon his 2000 conviction of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [former (1)]) pursuant to the 2005 Drug Law Reform Act (L 2005, ch 643, § 1) and his pro se motion to set aside the sentence pursuant to CPL 440.20. County Court properly denied the application for resentencing "because defendant was eligible for parole within three years of the time of his application and thus was not eligible to be resentenced" (*People v Dunham*, 46 AD3d 1416, 1417 [2007], *lv denied* 9 NY3d 1033 [2008]; *see People v Smith*, 45 AD3d 1478, 1479 [2007]). Because defendant did not obtain permission to appeal the order insofar as it denied his motion pursuant to CPL 440.20, his appeal from that part of the order must be dismissed (*see* CPL 450.15 [2]; *see generally People v Bautista*, 7 NY3d 838, 839 n [2006]; *People v Johnson*, 145 AD2d 436, 437 [1988], *lv denied* 73 NY2d 979 [1989]). Present—Hurlbutt, J.P., Martoche, Fahey, Green and Gorski, JJ.