■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ANDERSON, Appellant. [894 NYS2d 632]—

Appeal from a judgment of the Onondaga County Court (Jeffrey R. Merrill, A.J.), rendered September 9, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating that part of the sentence ordering restitution and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). By failing to move to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve for our review his challenge to the factual sufficiency of the plea allocution (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Dorrah*, 50 AD3d 1619 [2008], *lv denied* 11 NY3d 736 [2008]). In any event, the record establishes that the factual allocution is sufficient inasmuch as defendant stated therein that he committed the essential elements of the crime (*see Dorrah*, 50 AD3d 1619 [2008]). Contrary to defendant's further contention, the sentence is not unduly harsh or severe. We agree with defendant, however, that County Court erred in imposing restitution. Although defendant failed to preserve his contention with respect to restitution for our review (*see People v Peck*, 31 AD3d 1216, 1216-1217 [2006], *lv denied* 9 NY3d 992 [2007]), we nevertheless exercise our power to address it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). A court may order a defend-

ant to "make restitution of the fruits of his or her offense or reparation for the actual out-of-pocket loss caused thereby" (Penal Law § 60.27 [1]). The term offense includes "the offense for which a defendant was convicted, as well as any other offense that is part of the same criminal transaction or that is contained in any other accusatory instrument disposed of by any plea of guilty by the defendant to an offense" (§ 60.27 [4] [a]). Here, the restitution ordered by the court was not for an offense within the meaning of section 60.27 (4) (a) (*see People v Diola*, 299 AD2d 962 [2002], *lv denied* 99 NY2d 581 [2003]). We therefore modify the judgment by vacating that part of the sentence ordering defendant to pay restitution (*see People v Glasgow*, 12 AD3d 1172, 1172-1173 [2004], *lv denied* 4 NY3d 763 [2005]). Present—Scudder, P.J., Centra, Fahey and Green, JJ.