People v Liepke (2020 NY Slip Op 03313)





People v Liepke


2020 NY Slip Op 03313


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


403 KA 19-02061

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DUSTYN LIEPKE, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DARIENN P. BALIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered July 17, 2017. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]). By failing to move to withdraw the guilty plea or to vacate the judgment of conviction, defendant failed to preserve for our review his challenge to the factual sufficiency of the plea allocution as well as his contention that his plea was not voluntarily, knowingly, and intelligently entered (see People v Turner, 175 AD3d 1783, 1784 [4th Dept 2019], lv denied 34 NY3d 1082 [2019]; People v Jones, 175 AD3d 1845, 1845-1846 [4th Dept 2019], lv denied 34 NY3d 1078 [2019]; People v Yates, 173 AD3d 1849, 1849-1850 [4th Dept 2019]). Defendant also contends that he was deprived of a speedy trial pursuant to CPL 30.30. Defendant forfeited that contention inasmuch as he pleaded guilty before County Court issued a determination with respect to that part of his omnibus motion seeking to dismiss the indictment on that ground (see CPL 30.30 [6]; see generally People v Fernandez, 67 NY2d 686, 688 [1986]).
Defendant's contention that he was denied effective assistance of counsel because of defense counsel's failure to challenge the validity of the subject search warrants also does not survive the guilty plea because defendant made " no showing that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance' " (People v Russell, 55 AD3d 1314, 1314 [4th Dept 2008], lv denied 11 NY3d 930 [2009]; see People v Coleman, 178 AD3d 1377, 1378 [4th Dept 2019]; People v Smith, 122 AD3d 1300, 1301 [4th Dept 2014], lv denied 35 NY3d 1172 [2015]). In any event, that contention lacks merit because any such challenge had " little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005]). Contrary to defendant's contention, even assuming, arguendo, that the police officers failed to comply with the inventory provisions of CPL 690.50 (5), we conclude that noncompliance with that subdivision "does not undermine the validity of the search warrant or the search" (People v Fernandez, 61 AD3d 891, 891 [2d Dept 2009], lv denied 13 NY3d 744 [2009]; see People v Nelson, 144 AD2d 714, 716 [3d Dept 1988], lv denied 73 NY2d 894 [1989]). Although defendant's remaining claims of ineffective assistance of counsel survive his guilty plea, we conclude that they are without merit. Defendant failed to " demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (People v Benevento, 91 NY2d 708, 712 [1998]).
Contrary to defendant's further contention, the sentence is not unduly harsh or severe. We agree with defendant and the People correctly concede, however, that the sentence and commitment form should be amended because it incorrectly reflects that defendant was [*2]sentenced as a second felony offender when he was actually sentenced as a second felony drug offender (see People v Ortega, 175 AD3d 1810, 1811 [4th Dept 2019]; People v Oberdorf, 136 AD3d 1291, 1292-1293 [4th Dept 2016], lv denied 27 NY3d 1073 [2016]). Finally, although not raised by the parties, we conclude that the certificate of conviction should be amended as well because it does not clearly provide that defendant was sentenced as a second felony drug offender (see generally People v Dehoyos, 166 AD3d 1576, 1577-1578 [4th Dept 2018], lv denied 33 NY3d 1068 [2019]; People v Carducci, 143 AD3d 1260, 1263 [4th Dept 2016], lv denied 28 NY3d 1143 [2017]).
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court