People v Ingram (2020 NY Slip Op 06625)





People v Ingram


2020 NY Slip Op 06625


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


772 KA 19-01962

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANDRE L. INGRAM, DEFENDANT-APPELLANT. 






TODD G. MONAHAN, LITTLE FALLS, FOR DEFENDANT-APPELLANT.


 Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered October 5, 2018. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]), defendant contends that his guilty plea was the result of undue coercion by the court. Defendant failed to raise that contention in his motion to withdraw his guilty plea and failed to move to vacate the judgment of conviction on that ground. Thus, he failed to preserve that contention for our review (see People v Bellamy, 170 AD3d 1652, 1653 [4th Dept 2019]; People v Carlisle, 50 AD3d 1451, 1452 [4th Dept 2008], lv denied 10 NY3d 957 [2008]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Defendant's further contention that he was denied effective assistance of counsel does not survive his plea of guilty because he "failed to demonstrate that the plea bargaining process was infected by [the] allegedly ineffective assistance or that he entered the plea because of his attorney['s] allegedly poor performance" (Bellamy, 170 AD3d at 1653 [internal quotation marks omitted]).
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court