People v Lopez (2020 NY Slip Op 07809)





People v Lopez


2020 NY Slip Op 07809


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


1178 KA 19-01784

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL A. LOPEZ, DEFENDANT-APPELLANT. 






TODD G. MONAHAN, LITTLE FALLS, FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN, FOR RESPONDENT. 


 Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered July 31, 2019. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), defendant contends that his guilty plea was the result of undue coercion by the court. Defendant failed to raise that contention in County Court and he therefore failed to move to withdraw the plea or vacate the judgment of conviction on that ground. Thus, he failed to preserve that contention for our review (see People v Ingram, 188 AD3d 1650, 1650 [4th Dept 2020]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Defendant's further contention that he was denied effective assistance of counsel does not survive his plea of guilty because he "failed to demonstrate that the plea bargaining process was infected by [the] allegedly ineffective assistance or that he entered the plea because of his attorney['s] allegedly poor performance" (Ingram, 188 AD3d at 1650 [internal quotation marks omitted]). To the extent that defendant's contention survives the plea, it concerns matters outside the record that must be raised by way of a motion pursuant to CPL article 440 (see People v Culver, 94 AD3d 1427, 1428 [4th Dept 2012], lv denied 19 NY3d 1025 [2012]; People v Dimmick, 53 AD3d 1113, 1114 [4th Dept 2008], lv denied 11 NY3d 831 [2008]).
We reject defendant's final contention, that the court erred in refusing to suppress physical evidence obtained following a traffic stop. The officer who stopped the vehicle in which defendant was a passenger was justified in doing so in order to execute a valid arrest warrant for defendant (see generally People v Bushey, 29 NY3d 158, 164 [2017]) and, furthermore, the stop was justified because the officer observed the driver throw a cigarette butt out of the window in violation of the Vehicle and Traffic Law (see § 1220 [a]; People v Robinson, 97 NY2d 341, 349 [2001]; People v Hightower, 186 AD3d 926, 928-929 [3d Dept 2020], lv denied 35 NY3d 1113 [2020]; People v Wallace, 153 AD3d 1632, 1633 [4th Dept 2017]). The police lawfully searched the vehicle after receiving the owner's voluntary consent (see People v Tantao, 178 AD3d 1391, 1393 [4th Dept 2019], lv denied 35 NY3d 945 [2020]; People v Rivera, 83 AD3d 1370, 1372 [4th Dept 2011], lv denied 17 NY3d 904 [2011]).
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court