People v Fletcher (2021 NY Slip Op 01588)





People v Fletcher


2021 NY Slip Op 01588


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


210 KA 19-01374

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TALIEK FLETCHER, DEFENDANT-APPELLANT. 






HAYDEN DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered June 4, 2019. The judgment convicted defendant upon his plea of guilty of robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the second degree (Penal Law
§ 160.10 [1]). By failing to move to withdraw his guilty plea or to vacate the judgment of conviction, defendant failed to preserve for our review his contention that his guilty plea was not knowingly or voluntarily entered (see People v Liepke, 184 AD3d 1109, 1109 [4th Dept 2020], lv denied 35 NY3d 1067 [2020]; People v Turner, 175 AD3d 1783, 1784 [4th Dept 2019], lv denied 34 NY3d 1082 [2019]). This case does not fall within the rare exception to the preservation requirement because nothing in the plea colloquy casts significant doubt on defendant's guilt or the voluntariness of the plea (see People v Davis, 134 AD3d 1459, 1460 [4th Dept 2015], lv denied 27 NY3d 1150 [2016]).
Defendant contends that the court did not appropriately inquire into his request for a substitution of counsel. Even assuming, arguendo, that the contention survives his guilty plea (see People v Morris, 94 AD3d 1450, 1451 [4th Dept 2012], lv denied 19 NY3d 976 [2012]), we conclude that he "abandoned his request for new counsel when he decid[ed] . . . to plead guilty while still being represented by the same attorney" (People v Jeffords, 185 AD3d 1417, 1418 [4th Dept 2020], lv denied 35 NY3d 1095 [2020] [internal quotation marks omitted]).
Defendant's further contention that he was denied effective assistance of counsel does not survive his guilty plea where, as here, "[t]here is no showing that the plea bargaining process was infected by any allegedly ineffective assistance or that defendant entered the plea because of his attorney[']s allegedly poor performance" (Davis, 134 AD3d at 1459-1460 [internal quotation marks omitted]; see People v Coleman, 178 AD3d 1377, 1378 [4th Dept 2019], lv denied 35 NY3d 1026 [2020]). To the extent that defendant's contention survives the plea, it concerns matters outside the record that must be raised by way of a motion pursuant to CPL article 440 (see People v Lopez, 189 AD3d 2152, 2153 [4th Dept 2020]).
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court