People v Robinson (2021 NY Slip Op 02664)





People v Robinson


2021 NY Slip Op 02664


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


431 KA 19-00803

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RONALD D. ROBINSON, JR., DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






TODD G. MONAHAN, LITTLE FALLS, FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (NOLAN D. PITKIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered June 23, 2017. The judgment convicted defendant, upon a plea of guilty, of criminal sale of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon a plea of guilty, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). In appeal No. 2, defendant appeals from a judgment convicting him, upon a plea of guilty, of attempted assault in the second degree (§§ 110.00, 120.05 [2]). The two pleas were entered in a single plea proceeding. Although not raised by the parties, the purported waiver of the right to appeal here is invalid (see People v Cruz, 182 AD3d 999, 999 [4th Dept 2020]; People v McKenzie [appeal No. 2], 181 AD3d 1319, 1320 [4th Dept 2020]; People v Bumpars, 178 AD3d 1379, 1379-1380 [4th Dept 2019], lv denied 36 NY3d 1055 [2021]).
In both appeals, defendant contends that his guilty plea was the result of undue coercion by County Court. That contention is unpreserved inasmuch as defendant failed to move to withdraw his plea or vacate the judgment of conviction (see People v Lopez, 189 AD3d 2152, 2152 [4th Dept 2020]; People v Ingram, 188 AD3d 1650, 1651 [4th Dept 2020]; People v Bellamy, 170 AD3d 1652, 1653 [4th Dept 2019]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Defendant also contends that he received ineffective assistance of counsel, which concerns matters outside the record. Defendant brought a CPL article 440 motion to address that contention, which the court denied. Because defendant did not obtain permission to appeal that order, his contention is not properly before us (see CPL 450.15 [1]; see generally People v Dewitt, 52 AD3d 1184, 1185 [4th Dept 2008], lv denied 11 NY3d 787 [2008]).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court