People v Carbone (2021 NY Slip Op 06523)





People v Carbone


2021 NY Slip Op 06523


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


998 KA 18-02376

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BIANCA L. CARBONE, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JOHN J. MORRISSEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (SUSAN M. HOWARD OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Orleans County Court (Charles N. Zambito, A.J.), rendered October 4, 2018. The judgment convicted defendant, upon a plea of guilty, of attempted promoting prison contraband in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her, upon her plea of guilty, of attempted promoting prison contraband in the first degree (Penal Law §§ 110.00, 205.25 [1]). Defendant contends that her plea was involuntary because the factual allocution cast significant doubt on her guilt with respect to the dangerous contraband element of the crime, and County Court erred in accepting the plea without making further inquiry to ensure that the plea was voluntary. Although that contention would survive even a valid waiver of the right to appeal (see People v Thomas, 34 NY3d 545, 558 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Seaberg, 74 NY2d 1, 10 [1989]), by failing to move to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve her contention for our review (see People v Lopez, 71 NY2d 662, 665 [1988]; People v Paternostro, 188 AD3d 1675, 1676 [4th Dept 2020], lv denied 36 NY3d 1053 [2021]). We conclude that this case does not fall within the rare exception to the preservation requirement (see Lopez, 71 NY2d at 666). Contrary to defendant's contention, nothing in the plea colloquy "clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea," and the court therefore had no duty to conduct further inquiry with respect to the plea (id.).
We do not consider the additional challenge to the voluntariness of the plea raised by defendant in her brief inasmuch as her appellate counsel withdrew that contention (see People v Pedro, 134 AD3d 1396, 1397 [4th Dept 2015]).
Even assuming, arguendo, that defendant's purported waiver of the right to appeal is invalid and thus does not bar her challenge to the factual sufficiency of the plea, defendant nonetheless failed to preserve that challenge for our review, and this case does not fall within the rare exception to the preservation requirement (see People v Judd, 111 AD3d 1421, 1422 [4th Dept 2013], lv denied 23 NY3d 1039 [2014]; see generally Lopez, 71 NY2d at 666). In any event, defendant's challenge lacks merit. "Where[,] [as here], a defendant enters a negotiated plea to a lesser crime than one with which [she] is charged, no factual basis for the plea is required" (People v Johnson, 23 NY3d 973, 975 [2014]). Moreover, it is well established that a defendant who pleads guilty need not "acknowledge[] committing every element of the pleaded-to offense . . . or provide[] a factual exposition for each element of the pleaded-to offense" (People v Seeber, 4 NY3d 780, 781 [2005]).
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court