People v Roots (2022 NY Slip Op 00604)





People v Roots


2022 NY Slip Op 00604


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND BANNISTER, JJ.


1131 KA 19-00340

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SALAUDEEN ROOTS, DEFENDANT-APPELLANT. 






DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.
DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (VINCENT A. HEMMING OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered August 15, 2018. The judgment convicted defendant, upon a plea of guilty, of attempted promoting prison contraband in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted promoting prison contraband in the first degree (Penal Law §§ 110.00, 205.25 [2]). Contrary to defendant's contention, we conclude that the plea colloquy establishes that defendant knowingly, voluntarily, and intelligently waived the right to appeal (see People v Mess, 186 AD3d 1069, 1069 [4th Dept 2020]; see generally People v Thomas, 34 NY3d 545, 559-560 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]).
Although defendant's challenge to the voluntariness of his plea survives his valid waiver of the right to appeal (see Thomas, 34 NY3d at 558; People v Seaberg, 74 NY2d 1, 10 [1989]), by failing to move to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve for our review his contention that the plea was not voluntarily entered (see People v Garcia-Cruz, 138 AD3d 1414, 1414-1415 [4th Dept 2016], lv denied 28 NY3d 929 [2016]; see also People v Lopez, 71 NY2d 662, 665 [1988]). This case does not fall within the rare exception to the preservation requirement (see generally Lopez, 71 NY2d at 666). In any event, we conclude that defendant's contention lacks merit (see People v Hunt, 188 AD3d 1648, 1649 [4th Dept 2020], lv denied 36 NY3d 1097 [2021]; People v Green, 132 AD3d 1268, 1269 [4th Dept 2015], lv denied 27 NY3d 1069 [2016], reconsideration denied 28 NY3d 930 [2016]).
To the extent that defendant contends that County Court erred in accepting his plea because the record lacked the " 'strong evidence of actual guilt' " that would be required for an Alford plea (People v Elliott, 107 AD3d 1466, 1466 [4th Dept 2013], lv denied 22 NY3d 996 [2013]), we conclude that defendant's contention is misplaced inasmuch as he did not enter an Alford plea (see People v Gale, 130 AD2d 588, 588 [2d Dept 1987]). Insofar as defendant challenges the factual sufficiency of the plea allocution, that challenge is encompassed by his valid waiver of the right to appeal (see People v Oliver, 178 AD3d 1463, 1464 [4th Dept 2019]; People v Steinbrecher, 169 AD3d 1462, 1463 [4th Dept 2019], lv denied 33 NY3d 1108 [2019]).
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court