People v Barnes (2022 NY Slip Op 03846)

People v Barnes

2022 NY Slip Op 03846

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

484 KA 17-00693

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ASON S. BARNES, ALSO KNOWN AS JOHN DOE, DEFENDANT-APPELLANT. 

LINDSEY M. PIEPER, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered February 7, 2017. The judgment convicted defendant, upon a plea of guilty, of criminal possession of a weapon in the second degree and robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and robbery in the first degree (§ 160.15 [4]). We affirm. Preliminarily, because defendant's challenges to the voluntariness of his plea would survive even a valid waiver of the right to appeal, we need not address the validity of that waiver in regard to those contentions (see People v Gumpton, 199 AD3d 1485, 1485 [4th Dept 2021]).
Defendant contends that his guilty plea was involuntary because, during the plea colloquy, County Court referenced only his right to a trial, not his right to a jury trial. As defendant correctly concedes, he failed to preserve that contention for our review (see People v Williams, 185 AD3d 1535, 1535 [4th Dept 2020], lv denied 35 NY3d 1116 [2020]; People v Gillens, 134 AD3d 655, 656 [1st Dept 2015]). In any event, defendant's contention is without merit. By informing defendant during the plea colloquy that, "[b]y giving up your right to trial, you're giving up your right to make the People . . . convince 12 people unanimously beyond a reasonable doubt that you're guilty" and that "[p]leading guilty is the same as if we had that trial and the jury convicted you," the court did actually inform defendant of his right to a jury trial. Moreover, "a detailed articulation and waiver of the three rights mentioned in Boykin is not constitutionally mandated" (People v Harris, 61 NY2d 9, 19 [1983]), and a court's "omission of the word 'jury' in discussing a defendant's right to a trial does not, by itself, vitiate the validity of a guilty plea" (People v Ayala, 156 AD3d 547, 547 [1st Dept 2017]; see e.g. People v Mendez, 148 AD3d 555, 555 [1st Dept 2017], lv denied 29 NY3d 1083 [2017]; People v Gutierrez, 140 AD3d 407, 408 [1st Dept 2016]).
Defendant further contends that his plea was involuntary because, during the plea colloquy, the court did not advise him that he would be forfeiting his right against self-incrimination by pleading guilty. Defendant failed to preserve that contention for our review (see Williams, 185 AD3d at 1535; People v Velez, 138 AD3d 418, 418 [1st Dept 2016], lv denied 27 NY3d 1140 [2016]). In any event, defendant's contention is without merit. Reviewing "the record as a whole and the circumstances of the plea in its totality," we conclude that the plea was knowing, intelligent, and voluntary (People v Tucker, 169 AD3d 1368, 1369 [4th Dept 2019], lv denied 33 NY3d 982 [2019] [internal quotation marks omitted]; see People v Walker, 151 AD3d 569, 569 [1st Dept 2017]).
Defendant further contends that his guilty plea to robbery in the first degree should be vacated because his factual recitation did not affirmatively establish each and every element of that crime. Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and thus does not preclude our review of his challenge to the factual sufficiency of the allocution, we nevertheless conclude that defendant failed to preserve that contention for our review and that this case does not fall within the rare exception to the preservation requirement (see People v Carbone, 199 AD3d 1489, 1490 [4th Dept 2021], lv denied 38 NY3d 949 [2022]; cf. People v Roots, 201 AD3d 1364, 1365 [4th Dept 2022]; see generally People v Lopez, 71 NY2d 662, 665-666 [1988]). In any event, that contention is without merit. "[A] defendant who pleads guilty need not 'acknowledge[] committing every element of the pleaded-to offense . . . or provide[] a factual exposition for each element of the pleaded-to offense' . . . [and a] plea will not be vacated where, as here, the defendant does not negate an element of the pleaded-to offense during the colloquy or otherwise cast doubt on his or her guilt or the voluntariness of the plea" (People v Madden, 148 AD3d 1576, 1578 [4th Dept 2017], lv denied 29 NY3d 1034 [2017], quoting People v Seeber, 4 NY3d 780, 781 [2005]).
Finally, we note that the certificate of conviction incorrectly indicates that defendant was sentenced on February 7, 2016, and it must therefore be amended to reflect the correct sentencing date of February 7, 2017 (see People v Miller, 199 AD3d 1342, 1344 [4th Dept 2021], lv denied 37 NY3d 1163 [2022]).
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court