People v Stehm (2024 NY Slip Op 02446)

People v Stehm

2024 NY Slip Op 02446

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, GREENWOOD, AND KEANE, JJ.

299 KA 23-00859

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT A. STEHM, JR., DEFENDANT-APPELLANT. 

ROSEMARIE RICHARDS, SOUTH NEW BERLIN, FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Steuben County Court (Philip J. Roche, J.), rendered January 3, 2023. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted burglary in the first degree (Penal Law §§ 110.00, 140.30 [2]). As defendant correctly concedes, by failing to move to withdraw his plea or to vacate the judgment of conviction, he failed to preserve for our review his contention that the plea was not knowingly, voluntarily and intelligently entered, as well as his challenge to the factual sufficiency of the plea allocution (see People v Liepke, 184 AD3d 1109, 1109 [4th Dept 2020], lv denied 35 NY3d 1067 [2020]; People v Sheppard, 154 AD3d 1329, 1329 [4th Dept 2017]). Contrary to defendant's contention, we conclude that this case does not fall within the rare exception to the preservation requirement (see People v Phillips, 221 AD3d 1501, 1502 [4th Dept 2023], lv denied 41 NY3d 966 [2024]; People v Szymanski, 217 AD3d 1415, 1415 [4th Dept 2023], lv denied 40 NY3d 952 [2023]; see generally People v Lopez, 71 NY2d 662, 666 [1988]). In any event, defendant's challenges to the plea are without merit.
Contrary to his challenge to the voluntariness of the plea, we conclude that defendant's assertion that he did not understand the nature of the plea and its consequences is belied by the record of the plea proceeding (see People v McCullen, 162 AD3d 1661, 1661 [4th Dept 2018]). Moreover, " '[a] history of prior mental illness or treatment does not itself call into question [a] defendant's competence' " and, here, "[t]here is no indication in the record that defendant was unable to understand the proceedings or that he was mentally incompetent at the time he entered his guilty plea" (People v Williams, 35 AD3d 1273, 1275 [4th Dept 2006], lv denied 8 NY3d 928 [2007]; see People v Cato, 199 AD3d 1388, 1389 [4th Dept 2021]). Indeed, defendant denied during the plea colloquy that he was suffering from any mental health problems that would make it difficult for him to understand the proceeding, and "[t]here was not the slightest indication that defendant was uninformed, confused or incompetent" at the time he entered the plea (People v Alexander, 97 NY2d 482, 486 [2002]; see Cato, 199 AD3d at 1389; People v Jones, 175 AD3d 1845, 1846 [4th Dept 2019], lv denied 34 NY3d 1078 [2019]).
Defendant's challenge to the factual sufficiency of the plea likewise lacks merit. "Where[,] [as here], a defendant enters a negotiated plea to a lesser crime than one with which he is charged, no factual basis for the plea is required" (People v Johnson, 23 NY3d 973, 975 [2014]; see People v Carbone, 199 AD3d 1489, 1490 [4th Dept 2021], lv denied 38 NY3d 949 [2022]; People v Norman, 128 AD3d 1418, 1419 [4th Dept 2015], lv denied 27 NY3d 1003 [2016]). The record establishes that County Court nonetheless engaged defendant in a sufficient factual allocution inasmuch as defendant stated therein that he committed the essential elements of the crime to which he pleaded (see People v Anderson, 70 AD3d 1320, 1320 [4th Dept 2010], [*2]lv denied 14 NY3d 885 [2010]). Contrary to defendant's assertions, the fact that defendant "gave monosyllabic responses to [the court's] questions did not render the plea invalid" (People v Pryce, 148 AD3d 1629, 1630 [4th Dept 2017], lv denied 29 NY3d 1085 [2017] [internal quotation marks omitted]).
Although defendant further contends that the evidence is legally insufficient to support the conviction, he forfeited that contention by pleading guilty (see People v Cossette, 199 AD3d 1397, 1398 [4th Dept 2021], lv denied 37 NY3d 1160 [2022]; People v Weakfall, 151 AD3d 1966, 1966 [4th Dept 2017]). Indeed, "it would be logically inconsistent to permit a defendant to enter a plea of guilty based on particular admitted facts, yet to allow that defendant contemporaneously to reserve the right to challenge on appeal the sufficiency of those facts to support a conviction, had there been a trial" (People v Plunkett, 19 NY3d 400, 405-406 [2012]; see Cossette, 199 AD3d at 1398; Weakfall, 151 AD3d at 1966).
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court